1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAURIE LYNNE MANNON,

        Plaintiff,

    v.

MARTIN O'MALLEY, COMMISSIONER OF SOCIAL SECURITY,[1]

        Defendant.

Case No.  1:23-cv-00293-HBK

ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)[2]

(Doc. No. 22)

ORDER FOR CLERK TO MAIL A COPY OF ORDER TO PLAINTIFF

Laura E. Krank ("Counsel") of the Law Offices of Lawrence D. Rohlfing, Inc., CPC, attorney for Laurie Lynne Mannon ("Plaintiff"), filed a motion seeking attorney's fees pursuant to 42 U.S.C. § 406(b) on October 3, 2024.  (Doc. No. 22).  Plaintiff was served with the motion and advised she had 14 days to object.  (*Id.* at 2, 19).  No opposition has been filed as of the date of this Order.  (*See* docket).  For the reasons set forth below, the motion for attorney's fees is granted in the amount of $10,000.00 subject to an offset of $1,600.00 in fees previously awarded on August 4, 2023, under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).  (Doc.

---

[1] The Court has substituted Martin O'Malley, who has been appointed the Acting Commissioner of Social Security, as the defendant in this suit.  *See* Fed. R. Civ. P. 25(d).

[2] Both parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C. §636(c)(1).  (Doc. No. 14).

1   No. 21).

2   **I.  BACKGROUND**

3   On February 27, 2023, Plaintiff brought the underlying action seeking judicial review of a

4   final administrative decision denying Plaintiff's claim for supplemental security income under the

5   Social Security Act.  (Doc. No. 1).  On June 29, 2023, the Court granted the parties' stipulation to

6   a voluntary remand pursuant to sentence four of 42 U.S.C. § 405(g).  (Doc. Nos. 17, 18).  The

7   Court entered an award of $1,600.00 for attorney fees under the Equal Access to Justice Act

8   ("EAJA") on August 4, 2023.  (Doc. Nos. 20, 21).

9   On remand, the Commissioner found Plaintiff disabled beginning in October 2018.  (Doc.

10  No. 22-3 at 1).  Plaintiff was awarded $65,608.10 in retroactive benefits.  (Doc. No. 22-3 at 3).

11  On October 3, 2024, Counsel filed this motion for attorney's fees in the amount of $10,000.00

12  with an offset of $1,600.00 for EAJA fees already awarded.  (Doc. No. 22 at 1).  Counsel argues

13  these fees are reasonable because the contingency fee agreement, which Plaintiff signed, permits

14  Counsel to retain 25% of the past-due benefits, and the requested amount is reasonable.  (Doc.

15  No. 22 at 6-12; Doc. No. 22-1).  Defendant filed a response to Plaintiff's motion indicating they

16  would neither support nor oppose Counsel's request for attorney fees pursuant to 24 U.S.C. §

17  406(b).  (Doc. No. 23).

18  **II.  APPLICABLE LAW**

19  Attorneys may seek a reasonable fee under the Social Security Act for cases in which they

20  have successfully represented social security claimants. Section 406(b) allows:

21  Whenever a court renders a judgment favorable to a claimant under
    this subchapter who was represented before the court by an attorney,

22  the court may determine and allow as part of its judgment a
    reasonable fee for such representation, not in excess of 25 percent of

23  the total of the past-due benefits to which the claimant is entitled….

24  42 U.S.C. § 406(b)(1)(A).  Counsel for a plaintiff may recover attorneys' fees under both 42

25  U.S.C. § 406(b) and EAJA.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).  Counsel, however,

26  must refund to the plaintiff the amount of the smaller fee.  *Id.*

27  Fees in social security cases "are usually set in contingency-fee agreements and are

28  payable from past-due benefits awarded to the claimant."  *Biggerstaff v. Saul*, 840 F. App'x 69, 70

2

1    (9th Cir. 2020).  The fee is not *borne* by the Commissioner.  *Crawford v. Astrue*, 586 F.3d 1142,

2    1147 (9th Cir. 2009).  This provision's purpose is in part to "ensure that attorneys representing

3    successful claimants would not risk nonpayment of [appropriate] fees."  *Gisbrecht*, 535 U.S. at

4    805 (internal quotations omitted).  When weighing the adequacy of requested attorney's fees,

5    Courts should respect "the primacy of lawful attorney-client fee agreements."  *Id.* at 793.

6    Counsel still bears the burden, however, of showing the requested fees are reasonable.  *Id.* at 807.

7    In determining reasonableness, the court may consider the experience of the attorney, the results

8    they achieved, and whether there is evidence the attorney artificially increased the hours worked

9    or the hourly rate charged.  *Id.* at 807-808; *Crawford*, 586 F.3d at 1151.  Generally, any 406(b)

10   award is offset by attorney fees granted under the EAJA.  *Parrish v. Comm'r of Soc. Sec. Admin.*,

11   698 F.3d 1215, 1219 (9th Cir. 2012)

### III.  ANALYSIS

13        Here, Plaintiff signed a fee agreement agreeing to pay Counsel 25% of past due benefits

14   awarded to Plaintiff.  (Doc. No. 22-1).  Counsel was ultimately successful in securing $65,608.10

15   in retroactive benefits for Plaintiff.  (Doc. No. 22-3 at 3).  In support of this motion, Counsel

16   submitted a time sheet indicating the firm expended 7.9 hours in combined attorney and paralegal

17   time on this matter.  (Doc. No. 22 at 5; Doc. No. 22-4).  The time Counsel spent in successfully

18   attaining Plaintiff's benefits does not appear inflated.

19        Counsel's request for $10,000.00 in fees for 7.9 hours of work results in an hourly rate of

20   $1,265.82 for the combined attorney and paralegal work.  Considering the effective rate of both

21   attorney and paralegal hours in cases involving social security contingency fee arrangements this

22   rate appears consistent with those approved by Ninth Circuit courts.  *Crawford v. Astrue*, 586

23   F.3d 1142, 1153 (9th Cir. 2009) (explaining that the majority opinion found reasonable effective

24   hourly rates equaling $519.00, $875.00, and $902.00) (J. Clifton, concurring in part and

25   dissenting in part); *Mayfield v. Comm'r of Soc. Sec.*, No. 1:16-cv-01084-SAB, ECF No. 24, at 5

26   (E.D. Cal. March 19, 2020) (approving hours rate of $1,025.22 for paralegal and attorney time);

27   *Biggerstaff v. Saul*, 840 Fed. App'x 69, 71 (9th Cir. 2020) (affirming $1,400.00 per hour for

28   combined attorney and paralegal work).  Attorney hourly rates inevitably rise as their experience

1   increases, and Counsel has been practicing social security law for more than 20 years.  (Doc. No.

2   22 at 17).  Based on the foregoing, the Court finds the requested fees of $10,000.00 are

3   reasonable.  *Gisbrecht,* 535 U.S. at 807-08.

4         An award of attorney's fees pursuant to 406(b) in the amount of 10,000.00 is, therefore,

5   appropriate.  An award of § 406(b) fees, however, must be offset by any prior award of attorneys'

6   fees granted under the EAJA.  28 U.S.C. § 2412(d); *Gisbrecht*, 535 U.S. 796.  As Plaintiff was

7   previously awarded $1,600.00 in fees pursuant to the EAJA, Counsel shall refund this amount to

8   Plaintiff.

9         Accordingly, it is **ORDERED**:

10       1.   Plaintiff's Counsel's motion for an award of attorney's fees under § 406(b) (Doc. No.

11           22) is GRANTED.

12       2.   Plaintiff's Counsel is awarded $10,000.00 in attorney fees pursuant to 42 U.S.C. §

13           406(b).

14       3.   Counsel shall refund to Plaintiff $1,600.00 of the § 406(b) fees awarded as an offset

15           for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).

16       4.   The Clerk of the Court is respectfully directed to serve a copy of this Order on

17           Plaintiff Laurie Lynne Mannon, 800 Hacienda Drive, Bakersfield, CA, 93307.

18

19   Dated:    October 22, 2024

20                          HELENA M. BARCH-KUCHTA

21                          UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28